Jr., 236177. Thank you. Mr. Manning, you reserve two minutes for rebuttal. Two minutes, Your Honor. We'll hear from you. Good morning, Your Honors. May it please the Court, Stephen Manning for Appellant Paul Williams Jr. Mr. Williams' conduct, the possession of ammunition in his home, manifestly comes within the plain text of the Second Amendment. Because it comes within the plain text, Bruin tells us that that conduct is presumptively constitutional. And the only way presumptively constitutional conduct can be regulated is if the government satisfies its burden that the constitutionally presumptive conduct is justified by regulations demonstrating that it's consistent with the nation's historical tradition of firearm regulation. As we have indicated in our briefs, there is no historical tradition of permanently disarming felons like Mr. Williams. His conduct was at the core of the Second Amendment protections. His individual right to possess firearm and therefore ammunition in his home is core conduct. Heller established certainly that possession within the home is core conduct. And Bruin extended the protection of the Second Amendment to public carry. But we're not, this is not a public carry case. This is a case where the possession is clearly within the primary purpose of the Second Amendment individual right. Now, as we have said in our briefs, the issue was not raised in the district court. So we are here on plain error review. To be clear, counsel, we are able to review this under plain error. It's not just waived by his guilty plea from your position? Yes, Your Honor. Okay. Any reason that it's not? Is it because it's constitutional that we are entitled to reach it in spite of the plea? I believe that because it is a constitutional right, it is not deemed waived and is subject to plain error review. This court in some previous summary orders did consider under the plain error standard issues. One issue, one case, well two cases were 922 G1 and the first one was a different subsection of 922 G. The plain error standard is one that permits error to be considered plain when it violates the plain language of a statute. And in addition, plain error can be found when it violates, or can be found on well-suited legal principles. And this court has said even absent binding case law, an error can be plain if it violates an absolutely clear norm. For example, because of the clarity of a statutory provision. And that was this court's decision in Montague. The Supreme Court in Bruin stated a new test. It's a two-part test and the Supreme Court stated it very clearly. The Supreme Court said when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. And part two, the government must then justify its regulation by demonstrating it's consistent with a national historical tradition of firearm regulation. The court enunciated that test twice. It is very plainly and clearly stated. And it, our position is that it is the equivalent of plain error being based on statutory language. It's something that the court, district court, should have noticed. The defendant should have noticed. The prosecutor should have noticed. Because Bruin had been out of the books since June of 2022. The guilty plea occurred afterwards. Obviously the sentencing did as well. Counsel, in considering that, is this a facial or as-applied challenge as we look at how Bruin and, we haven't talked about Rahimi, but Rahimi affect our analysis? Your Honor, his claim is that his conduct. Because it's very specific that the ammunition was in his home. The ammunition absolutely was in his home. So this is limited to an as-applied challenge? Well, it would be as applied as to his conduct, surely. And the briefs do describe his prior criminal record, which he had adult convictions some 17 years before the possession for sale of narcotics and for, I believe an assault charge. And then five years earlier for possession of a controlled drug. So your challenge is just to the application of 922 G1, right? G1, yes. To Mr. Williams. Yes, yes. His, there are clearly many instances of conduct that someone can claim are within or are protected by the Second Amendment that are not in home possession for self-defense. So I believe Bruin requires the justification to be that specific. You've reserved two minutes. We'll hear from you again soon. Thank you, Your Honor. And we'll hear now from Mr. Rothenberg. Good morning, and may it please the Court, Joshua Rothenberg for the government. Every court of appeals to have considered the question, including this one in unpublished decisions, has held that Bruin did not render section 922 G plainly unconstitutional. That makes sense because Bruin did not address who can possess a firearm and certainly did not say anything about whether or not felons may possess a firearm. Every court of appeals to have considered the question de novo has held that 922 G1 remains facially constitutional, and the circuits to have considered it on as-applied challenges have split as to whether and under what circumstances an as-applied challenge may go forward. Therefore, the defense in this case cannot show the plainness prong of plain error because there is a circuit split among other circuits. There is no binding precedent of this Court or the Supreme Court that holds in their favor, and the plain language of the Second Amendment— You said the courts are unanimous, and you just said there's a circuit split. Yes, Your Honor. So they're unanimous as it relates to facial challenges. There is a circuit split as it relates to as-applied challenges. So whichever branch is here, and I will talk about that in a second, but whichever branch is going on here, there is nonetheless— Could you give us a moment, because it seems like a prior question, to talk about the appeal waiver? So, Your Honor, there was no plea agreement in this case. It was a plea without a plea agreement, and I believe there is a Supreme— So the guilty plea has nothing to do—there is no preclusive effect of any kind? Not on this type of claim, Your Honor. I've been trying to remember the name of the case since your colleague asked the question. It eludes me, but there is a Supreme Court case that says a challenge to the constitutionality of a statute is under plain error in these circumstances. Now, the defense said that this is an as-applied challenge. The government does not agree with that. The opening brief does not mention these specific convictions, or I should not say does not mention, does not argue about these specific convictions. He's arguing that the conviction is 17 years old. But that's not an argument in the opening brief. That appears in the factual portion, I believe, and if I'm misstating the brief, I apologize. I believe it appears in the factual portion, but the argument itself would suggest that it is a facial challenge. Again, though, whether it's facial or as-applied, it's not plain, because there is a circuit split as to as-applied challenges. How does Rahimi affect things here? In particular, I think the language of Rahimi talks about a temporary bar, doesn't it? Rahimi does talk about a temporary bar. It does not purport to hold that any permanent bar would be unconstitutional. It's just that the bar in that case was a temporary bar. And is that, should we be considering whether, because this is a permanent bar. It's a sort of felony possession is just once you've been convicted, as long as you knew you were convicted, that's that, right? Yes. And how do we think about, how do we take into account that language from Rahimi about temporary? Why would that not apply here? So, Your Honor, again, Rahimi did not hold that a permanent bar would be unconstitutional. I understand. Just as the plainness prong is related, that means that there's still no binding precedent, so Mr. Williams still cannot succeed on the plainness prong. Now, on the error prong, I certainly think that the government would need to show that there was, assuming we reach the historical analog or assuming we reach the language of the Second Amendment, we would need to show that there was a similar permanent bar. I agree with you that that would be our burden. We've met that burden here. First, felons do not fall within the plain language of the Second Amendment, so it would simply not be an issue. They're not people? The people, Your Honor. I think there's an important distinction between the term the people and the term people. Felons are, of course, people. The people, as it's used in the Constitution, and the Supreme Court said this very clearly in Heller, refers to the political community. Because felons can be disenfranchised. So what if they are re-enfranchised? So, Your Honor, there are specific provisions in 922G for restoration of rights that could apply, and some states, when they re-enfranchise felons, do, in fact, restore rights. I don't have a specific list, but that is the case. So there is a similar possibility here of returning their Second Amendment rights. But I think that as far as the plain language of the Second Amendment goes, the people would nonetheless exclude felons. That being said, even if we were to turn to the historical analogs, the history of execution of felons and civil death beforehand, as well as the history of disarming groups who the legislature perceived to be dangerous, would both support a permanent bar on felons here. Clearly, an execution is permanent, and felons would not possess firearms thereafter. And there is no suggestion that the bars on, for example, Catholics possessing firearms, would have been temporary at the time it was imposed. And, Your Honors, because I'm talking about the error problem, I do want to be clear. The government also maintains that Bagel is still binding. This court in Bagel relied on the assurances from Heller and the assurances from McDonald that they were not disturbing the prohibition on felons possessing firearms. Those assurances were not repeated in the majority opinion in Bruin, but a majority of justices signed opinions which noted they were still vital. And then they were repeated in Rahimi. So even if you were to be inclined to reach the error problem, which we do not think is necessary in this case, Bagel would bind you to find that 922g1 remains constitutional. And even if 922g1 did not remain constitutional in all of its applications, although we believe it does, and we believe this is a facial challenge, sorry, because we believe this is a facial challenge, it would be Mr. Williams' burden to show it does not remain constitutional in any application, which he cannot show. And certainly, if you were to accept his contention now that this is an as-applied challenge, he would have to show that it is not constitutional as applied to him, a defendant convicted of drug trafficking and assault, including assault on a peace officer with intent to cause bodily injury. No circuit, and I want to be very clear about this, even among the circuit split, no circuit has found that a defendant with those type of prior convictions can maintain a successful as-applied challenge to 922g1. Obviously, that relates to the plain error prong, but it also relates to the error prong. Even if he were in one of the circuits which has suggested that there may be as-applied challenges, he would not be able to succeed. I'm happy to take any further questions the court may have. Thank you, counsel. Thank you. We'll hear a rebuttal from Mr. Manning. You have two minutes reserved. Thank you, Your Honor. I would address quickly the issue of the dicta in Heller and McDonald regarding the, I believe it's presumptively lawful felon in possession language used there. That had nothing to do with the matters heard by the court in either of those cases. That dicta was not part of the opinion of the court in Bruin. Would it be plain error to be influenced by dicta in a Supreme Court case? I'm not arguing that it's plain error to be influenced by a Supreme Court case. However, Bruin came after McDonald and Heller. I know, but we're looking backwards here. Yes, but... And we're trying to find out whether the error was... The error in this case was... And if what was done is consistent with what the Supreme Court afterward said in dicta, it's difficult to see how it becomes plain error. Well, the... In retrospect, that's how you judge plain error, looking backwards. Bruin was already decided before the plea and the sentencing, so the test, the new test that required the district court to determine whether or not the conduct underlying the conviction was presumptively constitutional existed at that time. The district court... The error is the district court did not do that and did not require the government to meet its burden. Our argument is that that plain error can be dealt with here because the Supreme Court binding precedent is Bruin. And in... I would argue that in Rahimi, Rahimi left open the possibility of a future ruling on that issue, but that itself is also dicta. But the court in Rahimi said, mentioned the Heller dicta, but it did so not saying we still stand by the Heller dicta. It did so in rejecting an argument that Heller had precluded any regulation in the home. And that's why... That's what happened in Rahimi. Before you step back, counsel, just let me ask you a logistical question. Where is Mr. Williams? Is he serving state time and is that a result of the incident with his partner that eventually led to the search here? Your Honor, I know he's no longer in federal custody. I don't know if he is still in custody. If he was in state custody, it would have been or would be from the state, some state action that was brought while he was on release. But the sentence here also includes a three-year supervised release. I understand. I'm intrigued by the possibility that if he's currently serving time on a charge related to the claim by his partner and her daughter that he threatened them with a firearm, whether as a practical matter that's going to impact his as-applied sort of status in the future. If that's what... If the fact he was convicted on charge, he's in charge of holding a firearm on someone. But if we don't know, then we don't know. Yeah, I don't think it's in the record what actually... At the time, there was no plea that had occurred with respect to the state sentence. Okay. And the charge, according to the transcripts in the sentencing, the charge did not have an element of violence in it.  And that's what the record indicates.  Okay. All right. Thank you, counsel. Thank you both. The matter is submitted. And we'll reserve decision.